UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON ALTHEIDE,<br><br>                 Plaintiff,<br>v.<br>BRIAN SANDOVAL, et al.,<br><br>                 Defendants. | Case No. 2:17-cv-02821-JCM-PAL<br><br>**ORDER**<br><br>(Notice – ECF No. 29) |

This matter is before the court on Plaintiff Jason Altheide's Notice of Fifth Amended Complaint (ECF No. 29). This notice is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Altheide is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison. Altheide has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This case involves Altheide's allegations of civil rights violations pursuant to 42 U.S.C. § 1983. The court reviewed the Fourth Amended Complaint (ECF No. 12) and found that it stated three plausible claims against defendants Brian Williams, James Dzurenda, Alexis Lazano: (1) disciplinary segregation due process, (2) administrative segregation due process, and (3) cruel and unusual punishment. Dec. 7, 2018 Screening Order (ECF No. 21).

The court directed electronic service of the fourth amended complaint on the Nevada Office of the Attorney General ("Attorney General"). *Id.* On December 28, 2018, the Attorney General accepted service on behalf of defendants Williams, Dzurenda, and Lazano (jointly, the "NDOC defendants"). Acceptance of Service (ECF No. 22). The NDOC defendants filed their Answer (ECF No. 23) on February 5, 2019.

On February 28, 2019, the court entered a Scheduling Order (ECF No.27 ) directing that discovery shall be completed by May 29, 2019. *Id*. ¶ 3(a). The Scheduling Order also provided deadlines to: (i) amend pleadings or join additional parties, April 29, 2019; (ii) file discovery motions, June 13, 2019; and (iii) file dispositive motions, July 15, 2019. *See id*. ¶¶ 1–2, 5–6. That same day the court entered an Order (ECF No. 26) denying Altheide's Motion to Substitute or Add Defendants (ECF No. 24). The court informed him:

> If Mr. Altheide wishes to substitute and add "John Doe Caseworker and John Doe Caseworker Supervisor" for defendant Lorenza, *he may file a motion seeking leave of the court to file a fifth amended complaint* pursuant to Rule 15, subject to the deadlines imposed in the scheduling order. As explained, LR 15-1(a) requires that he attach a proposed fifth amended complaint to his motion because, if granted, the new pleading would supersede the fourth amended complaint in its entirety. Any allegations, parties, or requests for relief from the fourth amended complaint that are not carried forward in the proposed fifth amended complaint will no longer be before the court.

*Id.* (emphasis added).

## **DISCUSSION**

On March 11, 2019, Altheide filed a Notice (ECF No. 29) attaching a proposed fifth amended complaint. He did not file a motion requesting leave of the court to file a fifth amended complaint as the court recently instructed.

A party may amend a pleading once "as a matter of course" within 21 days after serving it or within 21 days after service of a Rule 12 motion, whichever occurs earlier. Fed. R. Civ. P. 15(a)(1). After the time for amendment as a matter of course has expired, plaintiffs may amend a complaint only by obtaining the court's permission or the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). If a plaintiff files his or her amended complaint without leave of court as required under Rule 15, it has no legal effect. *Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 644 (D. Nev. 1995) (citing Fed. R. Civ. P. 15; *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988) (amended complaint had no legal effect because plaintiff improperly filed the amendment)).

In this case, the NDOC defendants were electronically served in December 2018. The NDOC defendants filed their Answer in February 2019. Thus, time had expired for Altheide to file an amended complaint without obtaining the court's permission, or defendants' written

consent. Altheide did not file a motion requesting leave of the court to amend the complaint. The record does not indicate that defendants consented to the amendment. Thus, the court will strike the notice attaching Altheide's fifth amended complaint.

If Altheide wishes to amend his complaint, he must seek defendants' consent through their counsel, or file an appropriate motion attaching a proposed amended complaint. *See* LR 15-1(a). In addition, the rule requires that an amended complaint be complete in itself without reference to any prior pleading (*i.e.*, the original complaint) to make the amended complaint complete. *Id*. This is because, as a general rule, an amended complaint replaces the original complaint. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995) (a complaint should identify which factual allegations give rise to each particular claim and clearly indicate which claims apply to which defendant). When considering a motion to amend an IFP complaint, the court is required to screen the proposed amended complaint to determine whether it states plausible claim(s) before it will direct summonses to be issued to any new defendants and requiring a response. 28 U.S.C. §§ 1915, 1915A; 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); *Jones v. Bock*, 549 U.S. 199, 213–14 (2007).

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court is instructed to **STRIKE** Plaintiff Jason Altheide's of Fifth Amended Complaint (ECF No. 29) from the court's docket.

2. The Clerk of the Court shall MAIL Mr. Altheide one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form, and one copy each of the Fourth Amended Complaint (ECF No. 12), Screening Order (ECF No. 21), February 28, 2019 Order (ECF No. 26), and the stricken Notice of Fifth Amended Complaint (ECF No. 29).

3. All deadlines and instructions stated in the Scheduling Order (ECF No. 27) and February 28, 2019 Order (ECF No. 26) remain in effect.

Dated this 16th day of April 2019.

                                            PEGGY A. LEEN
                                            UNITED STATES MAGISTRATE JUDGE