# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JASON ALTHEIDE,

    Plaintiff,

v.

BRIAN WILLIAMS, et al.,

    Defendants.

Case No. 2:17-cv-02821-JCM-BNW

**ORDER**

This matter is before the court on plaintiff Jason Altheide's Motion for Leave to File Fifth Amended Complaint (ECF No. 33), Motion to Substitute or Add Defendants (ECF No. 36), and Motion to Exclude from Mediation (ECF No. 37). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.    Background**

Mr. Altheide is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison. Altheide has also received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This case involves Mr. Altheide's allegations of civil rights violations pursuant to 42 U.S.C. § 1983. The court has reviewed the Fourth Amended Complaint (ECF No. 12) and, on December 7, 2018, found that it states three plausible claims against defendants Brian Williams, James Dzurenda, Alexis Lazano: (1) disciplinary segregation due process, (2) administrative segregation due process, and (3) cruel and unusual punishment. (Dec. 7, 2018 Screening Order (ECF No. 21).)

/ / /

/ / /

/ / /

## II. Proposed fifth amended complaint

Mr. Altheide moved for leave to file a fifth amended complaint on May 8, 2019, approximately one week after the deadline for doing so.[1] (ECF No. 33.) Defendants stipulate to the filing of the Amended Complaint. (*Id.* at 2.) Given the Plaintiff is incarcerated and the mail can be delayed, and considering the stipulation, the court excuses the late filing. Mr. Altheide is reminded that failure to comply with deadlines in the future may result in the court not considering his motions.

The motion for leave to file a fifth amended complaint is responsive to this court's February 28, 2019 order explaining to Mr. Altheide that if he

> wishes to substitute and add "John Doe Caseworker and John Doe Caseworker Supervisor" for defendant Lorenza, he may file a motion seeking leave of the court to file a fifth amended complaint pursuant to Rule 15, subject to the deadlines imposed in the scheduling order.

(ECF No. 26 at 3.) A comparison of the fourth amended complaint (ECF No. 12), which is currently the operative complaint in this case, and the proposed fifth amended complaint (ECF No. 33-1) reveals a few differences. The proposed fifth amended complaint adds "John Doe I" and "John Doe II," and it also adds "Count I" which was missing from the fourth amended complaint.[2] In addition, the claim for relief in the fifth amended complaint is lowered from one million dollars to one hundred thousand dollars. (*Id.*)

When this court screened the fourth amended complaint, it did not screen Count I as it was not in the pleading. The sum and substance of Count I is that defendant Williams (High Desert State Prison Warden) is responsible, under a respondeat superior theory of liability, for John Doe I's and John Doe II's failure to hold a hearing prior to placing Mr. Altheide in administrative segregation. (ECF No. 33-1 at 4.) This court already found Mr. Altheide stated a plausible due process violation claim based on his placement in administrative segregation against defendants Lazano, Dzurenda, and Williams. (ECF No. 21 at 6-7.) As a result, the substance of Count I is

---

[1] The deadline for filing amended pleadings was April 29, 2019. (ECF No. 27.)

[2] *See* Screening Order nothing the absence of Count 1 from the fourth amended complaint. (ECF No. 21, p. 4., n.1.)

duplicative. However, the court will include John Doe I and John Doe II as defendants to the claim alleging a due process violation based on his placement in administrative segregation. Given that Count I in the proposed fifth amended complaint does not include defendant Lorenza, coupled with Mr. Altheide's request to substitute John Doe I and John Doe II for defendant Lorenza (ECF No. 24), this court orders that defendant Lorenza be dismissed as a defendant as to the claim for violation of due process based on administrative segregation.

Accordingly, the court will grant in part and deny in part Mr. Altheide's Motion for Leave to File Fifth Amended Complaint. The motion is granted to the extent the court will substitute John Doe I and John Doe II to the administrative segregation due process claim. The motion is denied in all other respects, and the fourth amended complaint shall remain the operative complaint, except that John Doe I and John Doe II are added as defendants to the administrative segregation due process claim.

### III. Motion to Substitute or Add Defendants

After he requested the court's permission to file a fifth amended complaint, Mr. Altheide filed a motion to Substitute a Party. (ECF No. 36). Specifically, he requests to substitute Erik Elmore for John Doe I. Apparently, Mr. Altheide learned John Doe I's identity while the Motion for Leave to File a Fifth Amended Complaint was pending. Defendants did not oppose the motion, which constitutes a consent to the granting of the motion under Local Rule 7-2(d). The court will allow Mr. Altheide to substitute Erik Elmore for John Doe I. Accordingly, the court will grant Mr. Altheide's Motion to Substitute or Add Defendants.

### IV. Motion to Exclude from Mediation

Lastly, Mr. Altheide filed a Motion to Exclude his case from Mediation. (ECF No. 37.) He argues Defendants have never made a legitimate offer and, thus, having a settlement conference would be a waste of time. (Id.) Defendants did not respond, which constitutes a consent to the granting of the motion under Local rule 7-2(d).

/ / /

/ / /

/ / /

The docket reflects Mr. Altheide already participated in the Inmate Early Mediation Program. (ECF No. 18.) Given that the motion is unopposed, the court will not schedule a second Inmate Early Mediation. Nevertheless, Mr. Altheide may be ordered to participate in a settlement conference in the future under Local Rule 16-5.

**V.      Conclusion**

It is ordered that Mr. Altheide's Motion for Leave to File Fifth Amended Complaint (ECF No. 33) is GRANTED in part and DENIED in part as stated in this order.

It is further ordered that Mr. Altheide's Motion to Substitute or Add Defendants (ECF No. 36) is GRANTED.

It is further ordered that the clerk of court must substitute Erik Elmore for defendant John Doe I on the court's docket.

It is further ordered that Mr. Altheide's Motion to Exclude Case from Mediation (ECF No. 37) is granted.

It is further ordered the fourth amended complaint (ECF No. 12) shall remain the operative complaint.

It is further ordered that the disciplinary segregation due process claim will proceed against defendants Lazano, Dzurenda, and Williams.

It is further ordered that the administrative segregation due process claim will proceed against defendants Dzurenda, Williams, Erik Elmore, and John Doe II.

It is further ordered that the cruel and unusual punishment claim will proceed against defendants Lazano, Dzurenda, and Williams.

It is further ordered that the Clerk of Court must send to Plaintiff one blank summons forms and one blank USM-285 form, along with a copy of this order.

It is further ordered that Plaintiff must complete the forms and file them with the court by January 31, 2020.

It is further ordered that upon receipt of the proposed summons and completed USM-285 forms from Plaintiff, the Clerk of Court must issue the summons and deliver the summons, the

USM-285 form, a copy of Plaintiff's forth amended complaint (ECF No. 12), and a copy of this order to the U.S. Marshal for service.

DATED: January 3, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE