AARON D. FORD
Attorney General
KATLYN M. BRADY (Bar No. 14173)
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., #3900
Las Vegas, Nevada  89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
E-mail: katlynbrady@ag.nv.gov

*Attorneys for Defendants James Dzurenda,
Alexis Lozano, and Brian Williams*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON ALTHEIDE,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DZURENDA, *et al.*,<br><br>Defendants. | Case No.  2:17-cv-02821-JCM-PAL<br><br>**UNOPPOSED MOTION TO LIFT STAY AND PROCEED WITH DISCOVERY (FIRST REQUEST)** |

Defendants, James Dzurenda, Alexis Lozano, and Brian Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Katlyn M. Brady, Jr., Deputy Attorney General, submit this unopposed motion to lift the stay and proceed with discovery.

## BACKGROUND

This matter centers on Plaintiff Jason Altheide's (Altheide) inmate civil rights complaint. On February 28, 2019, this Court filed the scheduling order and set the discovery cut-off for May 29, 2019. ECF No. 27.

On March 29, 2019, Altheide filed his Fifth Amended Complaint. ECF No. 29. However, this Court struck the Fifth Amended Complaint because it was not styled as a motion to amend. ECF No. 31.

On May 8, 2019, Altheide filed a motion to file a Fifth Amended Complaint. ECF No. 33. The parties then stipulated to stay discovery pending screening on the Fifth Amended Complaint. ECF No. 34. This Court subsequently granted the stay. ECF No. 35.

On January 3, 2020, this Court entered its screening order on the Fifth Amended Complaint. ECF No. 38. The motion was granted to the extent Altheide can add John Doe I and John Doe II to his administrative segregation due process claim. ECF No. 38 at 3:7-12. The motion was denied in all other respects and this Court stated the Fourth Amended Complaint would remain the operative complaint. *Id.* Defendants subsequently filed an answer to the Fourth Amended Complaint. ECF No. 39.

On May 13, 2020, Altheide and Defendant's counsel conducted a meet and confer to discuss the best way to move this matter forward. The parties agreed to lift the stay and submit a new scheduling order. Specifically, the parties agreed to extend discovery 90 days from May 20, 2020 to August 18, 2020. Declaration of Counsel at 1:27-28. Further, the parties agreed to extend the deadline to file dispositive motions to September 17, 2020. Finally, Altheide agreed Defendants could title the motion to lift the stay and proceed with discovery as unopposed. *Id.* at 2:1-2.

## LEGAL STANDARD

Motions to enlarge time are governed by FED R. CIV. PROC. 6(b) and Nevada Local Court Rule 26-3[1] and 26-6:

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

/ / /

/ / /

---

[1] On April 17, 2020, the Federal District Court of Nevada amended the Local Rules. This motion cites to the most recent version.

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.[2]

And

LR 26-3. EXTENSION OF SCHEDULED DEADLINES

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.[3]

LR 26-6. DISCOVERY MOTIONS

(a) Unless the court orders otherwise, all discovery disputes are referred to the magistrate judge assigned to the case.

(b) All motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it.

(c) Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request.

(d) In the event of an emergency discovery dispute, the movant may apply for relief by written motion or, when time does not permit, by a telephone call to the magistrate judge assigned to the case. The court may determine whether a discovery dispute is an emergency.

---

[2] FED R. CIV. PROC. 6(b).

[3] Nevada Local Court Rules 26-4.

Written requests for judicial assistance to resolve an emergency discovery dispute must satisfy LR 7-4.[4]

## LEGAL ARGUMENT

**A.    Local Rule 26-3 Requirements**

   **1.    The discovery completed to date**

To date, no discovery has been completed as this matter was stayed pending screening on the Fifth Amended Complaint. Inmate civil complaints are exempt from the initial disclosure requirements. FRCP 26(a)(1)(B). Although discovery did open in this matter, the parties almost immediately stayed discovery due to the filing of the Fifth Amended Complaint.

   **2.    Discovery that remains to be completed**

The parties would like to complete discovery on the allegations in this matter. This includes written discovery and potentially depositions.

   **3.    The reason the discovery deadline cannot be completed**

The current discovery deadlines cannot be met due to the delay caused by the Fifth Amended Complaint and the stay order.

   **4.    Proposed discovery schedule**

   **Deadline to Complete Discovery:** August 18, 2020

   **Deadline for Dispositive Motions**: September 17, 2020

   **Deadline for Joint Pretrial Order**: October 21, 2020. If dispositive motions are filed, the joint pretrial order is due thirty (30) days after the entry of the Court's order on the motions.

**B.    Good Cause Supports the Extension**

This Court should find good cause supports the extension. The parties were awaiting a ruling on the pending motion to amend. Further, the parties had agreed to stay discovery until this motion was ruled upon. This would ensure the parties knew the operative claims and Defendants before proceeding to discovery.

---

[4] Nevada Local Court Rules 26-7.

# CONCLUSION

This Court should grant the motion to lift the stay and proceed to discovery. Now that the pending motion has been ruled on, the parties are prepared to proceed to discovery.

DATED this 21st day of May, 2020.

Respectfully submitted,

**IT IS SO ORDERED**

AARON D. FORD
Attorney General

**DATED: June 05, 2020**

By: /s/ Katlyn M. Brady
Katlyn M. Brady (Bar No. 14173)
Deputy Attorney General
*Attorneys for Defendants*

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on May 21, 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO LIFT STAY AND PROCEED WITH DISCOVERY (FIRST REQUEST)**, via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following:

>Jason Altheide, #1169889
>Ely State Prison
>PO Box 1989
>Ely, NV 89301
>*Plaintiff, Pro Se*

>/s/ *Natasha D. Petty*
>An employee of the Office of the
>Nevada Attorney General